# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAKESHA NORINGTON, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) |
| | ) 1:10-cv-477-SEB-MJD |
| MARK LEVENHAGEN, | ) |
| | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Lakesha Norington for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue**.**

## I.

### A.

Norington was convicted in an Indiana state court through her pleas of guilty to robbery, burglary and voluntary manslaughter. Norington did not file a direct appeal. The trial court denied her petition for post-conviction relief. No appeal from that ruling was filed. Norington now challenges her convictions through her petition for writ of habeas corpus.

### B.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

### C.

The facts pertinent to the computation of the statute of limitations are the following:

! Norington's conviction became final on June 11, 2004, the date on which Norington's time to file a direct appeal expired and the date on which the statute of limitations established by 28 U.S.C. 2244(d) began to run.

- ! Norington filed a belated notice of appeal on December 21, 2004.

- ! On February 7, 2005, Norington filed a pro se petition for state post-conviction relief, at which time 241 days of the statute of limitations had run.

- ! The running of the statute of limitations was tolled while Norington's petition for post-conviction relief was pending, meaning until March 25, 2009.

- ! The statute of limitations established by 28 U.S.C. 2244(d) expired on July 27, 2009.

- ! Norington filed her petition for writ of habeas corpus on April 14, 2010.

### D.

The legal significance of the foregoing facts is that Norington's habeas petition was filed after the statute of limitations expired.

### E.

Apart from the question of timeliness, the respondent argues and the expanded record shows that Norington committed procedural default. Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), *cert. denied,* 113 S. Ct. 127 (1992). If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). That is the case with respect to Norington's claim. She did so by not appealing the denial of her petition for post-conviction relief and did not file a petition for transfer with the Indiana Supreme Court.

### F.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Norington has encountered the hurdles produced by the 1-year statute of limitations and by the doctrine of procedural default. She has not shown the existence of circumstances permitting her to overcome these hurdles, and hence is not entitled to the relief she seeks. Her petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Norington has failed to show that reasonable jurists would find "it debatable whether the petition states a

valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 04/18/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana